IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. _____

JOSE SERGIO RAMIREZ,

           Plaintiff,

vs.

CARNICERIA Y TAQUERIA CLARITA CO.,
and PEDRO OROZCO GONZALEZ, individually,

           Defendants.

**COMPLAINT FOR UNPAID WAGES**

Plaintiff Jose Sergio Ramirez ("Ramirez" or "Plaintiff"), by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, files this Complaint for unpaid Overtime against Defendants Carniceria y Taqueria Clarita CO ("Carniceria") and Pedro Orozco Gonzalez ("Orozco"), individually (collectively, "Defendants"), and alleges as follows:

**I. PRELIMINARY STATEMENT**

1. This is an action to recover unpaid overtime wages and statutory damages arising from Defendants' failure to pay Plaintiff in compliance with the law.

2. Specifically, Defendants failed to pay Plaintiff lawful overtime compensation for hours worked beyond 40 each workweek.

3. Defendants employed Plaintiff as a butcher and food-service worker and required him to work overtime.

4. Defendants paid Plaintiff straight time for all hours worked, including hours worked in excess of 40 in a workweek and hours worked in excess of 12 in a workday.

5. Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., which requires employers to pay non-exempt employees one-and-one-half times their regular rate of pay for all hours worked over 40 in a workweek.

6. Defendants violated the Colorado Minimum Wage Act, C.R.S. § 8-6-101 et seq., and the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 C.C.R. 1103-1, which require payment of overtime premiums and the provision of paid rest periods.

7. Defendants further failed to maintain accurate time records and failed to provide Plaintiff with wage statements reflecting hours worked and rates of pay.

8. Defendants' violations were willful.

9. Plaintiff seeks unpaid overtime wages, liquidated damages, statutory penalties, pre- and post-judgment interest, and attorney's fees and costs.

## II. JURISDICTION AND VENUE

10. Plaintiff realleges and incorporates by reference all preceding paragraphs.

11. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action arises under the laws of the United States.

12. Defendants employed Plaintiff in an enterprise "engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1), including handling goods, food products, supplies and equipment that moved in interstate commerce

13. At all relevant times, Defendants operated a unified enterprise with a common business purpose.

14. Upon information and belief, Defendants' annual gross volume of sales was not less than $500,000.

15. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

16. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in this District.

### III.   PARTIES

17. Plaintiff Jose Sergio Ramirez is a resident of the State of Colorado.

18. Plaintiff was employed by Defendants as a butcher and food-service worker.

19. Defendant Carniceria y Taqueria Clarita CO is a business entity operating in Colorado and engaged in the sale and preparation of food.

20. Carniceria y Taqueria Clarita CO address is 16794 E Iliff Ave, Aurora, CO 80013.

21. Defendant Orozco is the owner and operator of Carniceria.

22. At all relevant times, Defendant Orozco exercised operational and financial control over the business and over Plaintiff's employment, including control over schedules, pay rates, payroll practices, and the decision to deny overtime compensation.

23. Defendant Orozco therefore qualifies as an "employer" under the FLSA and Colorado law.

### IV.   GENERAL ALLEGATIONS

24. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

25. From June 2023 through January 2, 2026, Plaintiff worked at Carniceria.

26. Plaintiff's primary duties included cutting and preparing meats, food preparation, filling display cases, and cooking.

27. Defendants employed approximately five employees.

28. Plaintiff regularly worked six days per week, with one weekday off that varied by period.

29. From June 2023 through December 2023, Plaintiff typically worked 40 hours per week.

30. During this period, Plaintiff's regular schedule was from Tuesday to Friday, from 4:00 p.m. to 8:00 p.m., and from Saturday to Sunday, from 8:00 a.m. to 8:00 p.m.

31. From January 2024 through January 2026, Plaintiff worked approximately 68 hours per week.

32. During this period, Plaintiff's regular schedule was Mondays, from 8:00 a.m. to 4:00 p.m. and from Wednesday to Sunday, from 8:00 a.m. to 8:00 p.m.

33. Plaintiff was never provided a meal break.

34. Defendants paid Plaintiff the following hourly rates for all hours worked:

- $17.00 per hour (June 2023 – December 2023)
- $18.00 per hour (January 2024 – August 2024)
- $19.00 per hour (September 2024 – June 2025)
- $20.00 per hour (July 2025 – January 2026).

35. Plaintiff was paid by check.

36. Defendants never paid Plaintiff an overtime premium.

37. Defendants paid Plaintiff straight time for all hours worked, including hours worked over 40 per week and over twelve per day.

38. Defendants failed to provide Plaintiff with wage statements showing hours worked, rates of pay, or overtime calculations.

39. Defendants failed to provide Plaintiff with paid rest periods as required by Colorado law.

40. Defendants did not require Plaintiff to clock in or clock out.

41. For only a brief period during Plaintiff's employment did Defendants use a timekeeping device.

42. Defendants failed to keep accurate and reliable records of Plaintiff's hours worked, in violation of the FLSA and Colorado law.

43. On or about December 2025, Defendants required Plaintiff to sign documents without explanation and without providing copies, falsely representing that the documents were "for taxes."

44. On January 2, 2026, Defendants terminated Plaintiff's employment.

## FIRST CLAIM FOR RELIEF
### Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 et seq.)

45. Plaintiff realleges and incorporates by reference all preceding paragraphs.

46. Defendants employed Plaintiff in an enterprise engaged in commerce as defined by the FLSA.

47. Plaintiff was a non-exempt employee within the meaning of the FLSA.

48. Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d).

49. Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff overtime premiums for hours worked in excess of 40 per workweek.

50. Defendants' violations were willful.

51. Plaintiff is entitled to unpaid overtime wages, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**Failure to Pay Earned Wages and Provide Rest Periods**
**Violation of the Colorado COMPS Order**

52. Plaintiff realleges and incorporates by reference all preceding paragraphs.

53. Defendants were Plaintiff's employer within the meaning of the COMPS Order.

54. Plaintiff was Defendants' employee within the meaning of the COMPS Order.

55. Defendants operated a food-and-beverage enterprise covered by the COMPS Order.

56. Defendants violated the COMPS Order by failing to pay overtime wages for hours worked in excess of 40 per week and twelve per day.

57. Defendants violated the COMPS Order by failing to provide paid rest periods.

58. Defendants failed to maintain accurate payroll and time records.

59. Plaintiff is entitled to unpaid wages, statutory penalties, interest, attorney's fees, and costs pursuant to C.R.S. § 8-6-118 and 7 C.C.R. 1103-1.

**THIRD CLAIM FOR RELIEF**
**Failure to Provide Wage Statement and Maintain Records**
**Violation of the Colorado Wage Act**

60. Plaintiff realleges and incorporates by reference all preceding paragraphs.

61. Colorado law requires employers to provide employees with written wage statements itemizing hours worked, rates of pay, gross wages, deductions, and net wages.

62. Defendants failed to provide Plaintiff with any wage statements during his employment.

63. Defendants further failed to maintain accurate payroll records reflecting Plaintiff's hours worked and wages paid.

64. As a result of Defendants' violations, Plaintiff is entitled to statutory penalties, actual damages, interest, and attorney's fees pursuant to C.R.S. §§ 8-4-103, 8-4-105, and 8-4-110.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants and award:

    a. Unpaid overtime wages;

    b. Liquidated damages as provided by law;

    c. Statutory penalties under Colorado law;

    d. Pre- and post-judgment interest;

    e. Attorney's fees and costs; and

    f. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of January 2026 by:

                                    **THE LAW OFFICES OF JACOB ARONAUER**

                                    By: _/s/ Jacob Aronauer_
                                          Jacob Aronauer
                                          250 Broadway, Suite 600
                                          New York, New York 10007
                                          jaronauer@aronauerlaw.com
                                          (212) 323-6980
                                          _Attorney for Plaintiff_